12-4185-cr
*United States v. Kelly*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand fourteen.

PRESENT:   JOHN M. WALKER, JR.,
           DEBRA ANN LIVINGSTON,
           DENNY CHIN,
                              *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                              *Appellee*,

    -v-                                              No. 12-4185-cr

BRUCE KELLY, AKA BRUCE L. KELLY,

                              *Defendant-Appellant*.

_____

JAMES P. EGAN (Lisa A. Peebles, *on the brief*), Federal Public Defender, Syracuse, NY, *for Defendant-Appellant*.

BRENDA K. SANNES (Lisa M. Fletcher, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Bruce Kelly appeals from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*), entered October 16, 2012. Kelly pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2256(8)(a), and one count of possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Kelly challenges only the district court's denial of his motion to suppress certain evidence of child pornography. The defendant is currently serving a sentence of 87 months in prison on each of the two counts, to run concurrently. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. Background**

Prior to the search challenged here, Kelly was charged by criminal complaint on September 28, 2011, for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a).[1] A detention hearing was held on October 4, 2011, before Magistrate Judge George H. Lowe, who determined that Kelly would be released if he met and consented to the conditions set out in a pretrial release order.

Special Condition 2 of the pretrial release order stated:

The defendant shall not use or possess any computer or any other device with online capabilities, at any location, except at your place of employment, unless you participate in the Computer Restriction and Monitoring Program. You shall permit the United States Probation Office to conduct periodic, unannounced examinations of any computer equipment

---

[1] Kelly was arrested for this offense on September 29, 2011, at which time the U.S. Marshals Service discovered three firearms belonging to him in his home. Kelly was not permitted to possess firearms at that time because he had previously been convicted of a crime punishable by more than a year of imprisonment. The weapons found in Kelly's house underlie the firearms possession count to which Kelly pleaded guilty under 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

you use or possess, . . . limited to all hardware and software related to online use (e.g., use of the World Wide Web, e-mail, instant messaging, etc.) and the viewing of pictures or movies that may violate your conditions of pretrial release. These examinations may include retrieval and copying of data related to online use from this computer equipment and any internal or external peripherals. This computer equipment may be removed to the Probation Office for a more thorough examination. The Probation Office may install any hardware or software system that is needed to monitor your computer use, subject to the limitations described above, and you will be responsible for paying for the monitoring program.

J.A. 82-83.

Beyond the conditions contained in the pretrial release order, the court imposed two additional conditions: first, that a telephone line be installed such that monitoring equipment would be "in place" for Kelly's release, and second, that a nineteen-year-old woman and her eight-month-old child who were living at Kelly's home vacate the premises. At the detention hearing, Kelly stated that he understood the pretrial release conditions and promised to adhere to them.

The probation officer sought and received permission from the magistrate judge to inspect the computers at Kelly's home and install monitoring software prior to Kelly's release from pretrial detention. During this process, the officer discovered evidence indicating the presence of child pornography on Kelly's computer. This evidence permitted federal authorities to obtain a search warrant for that computer and ultimately led to Kelly's indictment on additional counts of receiving and possessing child pornography under 18 U.S.C. §§ 2252A and 2256.

During pretrial proceedings, Kelly moved for suppression of the child pornography evidence, contending that it had been discovered in a search violating his rights under the Fourth Amendment. The district court denied the motion. In his subsequent plea agreement, Kelly reserved the right to appeal the district court's denial of the suppression motion. Kelly now asks this Court to suppress

the evidence and vacate his child pornography conviction.[2]

**II. Discussion**

Kelly frames the scope of his appeal as limited to a challenge to the district court's "interpretation of the conditions contained in the pretrial release order." That is, as his brief states, "Kelly does not contest the validity of his consent in the circumstances of this case. Instead, this appeal concerns the precise scope of his consent." Therefore, we limit our review to that question.

The Fourth Amendment to the Constitution prohibits "unreasonable searches and seizures" by the government. U.S. Const. amend. IV. "The touchstone in evaluating the permissibility of any search is 'reasonableness.'" *United States v. Lifshitz*, 369 F.3d 173, 178 (2d Cir. 2004) (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987)). A valid search generally requires both probable cause and a warrant, unless it falls into one of the recognized exceptions to these requirements. *Moore v. Andreno*, 505 F.3d 203, 208 (2d Cir. 2007) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)). "One such exception is that a warrantless entry and search are permissible if the authorities have obtained the voluntary consent of a person authorized to grant such consent." *United States v. Elliott*, 50 F.3d 180, 185 (2d Cir. 1995) (citing *Schneckloth*, 412 U.S. at 222); *see also Florida v. Jimeno*, 500 U.S. 248, 250-51 (1991) ("[W]e have long approved consensual searches because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so.").

"The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness – what would the typical reasonable person have understood

---

[2] Kelly does not present any challenge to the entry into his home in September 2011 that led to the discovery of the firearms underlying his conviction pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

by the exchange between the officer and the suspect?" *Jimeno*, 500 U.S. at 251. Because this inquiry is a question of fact, we will not reverse the district court's determination regarding the scope of a party's consent to search unless it is clearly erroneous. *See United States v. Gandia*, 424 F.3d 255, 265 (2d Cir. 2005). Moreover, even if a search exceeds the scope of consent that the defendant intended, the search will nonetheless be "validate[d]" if the officer had an "objectively reasonable belief that the search was within the scope of that consent." *Elliott*, 50 F.3d at 186 (citing *Jimeno*, 500 U.S. at 249).

At the detention hearing before Magistrate Judge Lowe on October 4, 2011, the judge read the pretrial release conditions to Kelly and asked him if he understood them. Kelly said that he did and promised to adhere to them. The judge also said that he would require any other computers in the house, such as those belonging to Kelly's wife and her children, to be monitored, and defense counsel assented. Judge Lowe instructed Kelly that he was not permitted to use any of the computers in the house. Furthermore, the judge asked Kelly, "[Y]ou are authorizing the probation office to monitor those computers even to the extent that they're used by other members of the family, correct?" Kelly replied, "Yes, sir." Kelly signed an acknowledgment of the pretrial release conditions and promised "to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed." Kelly's attorney represented to the court that the additional release conditions – the installation of the telephone line and the removal of Kelly's houseguest – would be completed within a short time. A probation officer visited Kelly's residence the following day, at which time the incriminating material was found on Kelly's computer.

Kelly argues that the order was not yet "effective" because he remained in detention and had not met the two additional conditions that Judge Lowe had imposed for his release – the installation

5

of the telephone line and the removal of the nineteen-year-old houseguest and her child from Kelly's home. We cannot conclude, however, that the district court clearly erred in its holding that the review of Kelly's computers was within the scope of Kelly's consent to the conditions of the pretrial release order. The pretrial release order clearly permitted the inspection of Kelly's computers, as it expressly provided for "periodic, unannounced examinations of any computer equipment you use or possess" that could be used for accessing the internet or viewing images. The order also stated that the "Probation Office may install any hardware or software system that is needed to monitor your computer use, subject to the limitations described above . . . ." The district court did not clearly err in concluding that Kelly's consent to the pretrial release order allowed the probation officer to access Kelly's computers and install monitoring software before Kelly's release from pretrial detention, as this examination was necessary to effectuate the conditions set out in the order and to permit monitoring to begin immediately upon Kelly's release.

Statements at the detention hearing by Kelly and his counsel also could plausibly be interpreted to indicate that he chose to submit to the monitoring of his computers before his release. Kelly's counsel stated to the judge that "[a]s far as any type of computer access in the home, your Honor, he would admit and agree to have any home computers monitored by pretrial services." Furthermore, Kelly agreed when the court asked, "And you are authorizing the probation office to monitor those computers even to the extent that they're used by other members of the family, correct?"

Taken together, Kelly's assent to the written pretrial release conditions and his statements at the detention hearing can permissibly be read to have permitted the probation officer's inspection of Kelly's computer before his actual release from pretrial detention. The district court's conclusion

that Kelly assented was thus not clearly erroneous, and we accordingly uphold the resulting search. *See Gandia*, 424 F.3d at 265. Moreover, because this interpretation of Kelly's consent was sensible, the probation officer could have held an "objectively reasonable belief" that the search was within the scope of Kelly's consent; this serves as an independent ground supporting the legality of the search. *See Elliott*, 50 F.3d at 186.

Kelly also argues that Condition 7(a) of the pretrial release order gave Kelly "a 24-hour window" in which Kelly would be released to his home and could "take the necessary steps to comply with the conditions of supervision prior to contacting his Probation Officer," including "the opportunity to divest himself of his computer and cellular phone." This argument is unconvincing. Condition 7(a) states that Kelly must "[r]eport to the Pretrial Services within 24 hours of release . . . and as directed thereafter," and must also allow visits at home by a probation officer. The condition does not provide for a 24-hour window in which to come into compliance with the order. It is implausible that the order was intended to permit a defendant to violate any of its provisions within the 24-hour period immediately following his release, as long as the defendant was no longer violating the conditions by the end of that window.

We have considered all of Kelly's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7